IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES E. STEIGER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-00551-C |
| | ) | |
| ASAG ENERGY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant ASAG Energy, LLC, filed a Motion for Summary Judgment (Dkt. No. 18) on April 28, 2016. Plaintiff, Charles Steiger, Jr., filed a Response (Dkt. No. 20) and Defendant replied (Dkt. No. 21). The Motion is at issue.

Steiger was hired as an at-will electrical engineer by ASAG in October of 2012. On March 6, 2013, Steiger and Bill Kinley, an employee of ASAG, had a discussion concerning the status of one of Steiger's projects. Steiger alleges that during this meeting he lodged an internal complaint about Kinley acting as a supervisor of engineers in violation of several Oklahoma statutes. Defendant alleges that during this meeting Plaintiff went on a rant, stating to Kinley that he should not have to work under Kinley because Kinley did not have an engineering degree and therefore was not qualified for the supervisor job. Plaintiff also alleges he filed an external complaint with the Oklahoma State Board of Licensure for Professional Engineers and Land Surveyors ("Oklahoma State Board"), about ASAG's violation of Oklahoma statutes. Defendant fired Plaintiff a week after the meeting and Kinley admits that after the meeting he believed it would be best to release Plaintiff from his

employment.  Plaintiff now brings a wrongful termination <u>Burk</u>[*] tort claim, alleging that ASAG's firing of Plaintiff was merely pretext for retaliation against Plaintiff for filing internal and external complaints against the company.

## STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 247, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Id.</u> at 324 (<u>quoting</u> Fed. R. Civ. P. 56(e)).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." <u>Id.</u>  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  <u>Thomas v. Wichita</u>

---

[*]  <u>See</u> <u>Burk v. K-Mart Corp.</u>, 1989 OK 22, 770 P.2d 24.

Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

"Oklahoma law protects both **internal** and **external** reporting of whistleblowers who rely on an employer's public-policy violation to support an actionable employment termination." Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 19, 176 P.3d 1204, 1215. In the instant case, there is a question as to whether Steiger actually submitted either an internal or external complaint about ASAG's alleged statutory/public-policy violation. Plaintiff alleges he submitted an external complaint to the Oklahoma State Board regarding ASAG's public policy violation. However, Steiger has failed to submit sufficient evidence showing that he filed his external complaint *prior* to his termination. The only evidence provided to this Court is evidence showing that a complaint was filed at some point – the date being questionable. Nonetheless, even if Steiger did file the complaint prior to his termination, Plaintiff has submitted no evidence showing that ASAG had notice of this filing and Kinley has testified under oath that he did not have notice that Steiger made a complaint to the Oklahoma State Board. (Kinley Dep. 60:18-10, April 8, 2016). Without notice of the external complaint being filed, ASAG could not have retaliated against Steiger for the protected action.

Plaintiff further alleges that he lodged an internal complaint against ASAG for its alleged public-policy violation, in person with a fellow employee, Bill Kinley. It is impossible to know what happened during the conversation between Bill Kinley and Steiger. Each side has submitted different versions concerning the context of this conversation. In order to determine whether the conversation is truly classified as an internal complaint, putting ASAG on notice, this Court would have to weigh the credibility of both Steiger and Kinley. The function of the Court on a motion for summary judgment is not to weigh the credibility of the evidence; that duty is reserved for the jury. Because there is a genuine dispute of material fact as to the nature of the conversation between Kinley and Steiger, the Court denies Defendant's Motion. This is a question of fact to be resolved by a jury.

## CONCLUSION

Accordingly, Defendant ASAG Energy, LLC's, Motion for Summary Judgment (Dkt. No. 18) is DENIED.

IT IS SO ORDERED this 22nd day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge